**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| INNOVATIVE COMMUNICATION SYSTEMS, INC. | § § § | |
| V. | § | **A-13-CV-1044-LY** |
| | § | |
| INNOVATIVE COMPUTING SYSTEMS, INC. | § § § | |

**ORDER**

Before the Court is Defendant's Motion to Compel Plaintiff's Answers to Interrogatories (Dkt. No. 13); Plaintiff's Response (Dkt. No. 15); Plaintiff's Amended Response (Dkt. No. 17); and Defendant's Reply (Dkt. No. 24).[1]  Also before the Court are Plaintiff's Opposed Motion for Leave to Extend Page Limitation and for Time to File Response (Dkt. No. 18); Defendant's Response (Dkt. No. 19); and Plaintiff's Reply (Dkt. No. 23).  The District Court referred the above-motions to the undersigned Magistrate Judge for resolution pursuant to 28 U.S.C. §636(b)(1)(A), FED. R. CIV. P. 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  The Court held a hearing on the above-motion on May 6, 2014.

**I.  DEFENDANT'S MOTION TO COMPEL**

As an initial matter, the Court briefly addresses Plaintiff Innovative Communication Systems, Inc.'s ("Plaintiff") Opposed Motion for Leave to Extend Page Limit and for Time to File Response. Dkt. No. 18.  Plaintiff had failed to adhere to the Local Rules in filing its response to Defendant Innovative Computing Systems, Inc.'s ("Defendant") Motion to Compel.  Plaintiff's Response was

---

[1] Defendant also filed a Motion Requesting an Expedited Ruling on its Motion to Compel (Dkt. No. 28), which the Court hereby **GRANTS**.

17 pages and filed 14 days after Defendant filed its motion, thereby exceeding the page and time limitations on such motions.  *See* Local Rule CV-7(e) (providing that responses to nondispositive motions shall be limited to 10 pages and filed 7 days after the motion).  In its motion for leave, Plaintiff contended that its oversight of the response deadline was (1) inadvertent, and (2) not the result of any bad faith intent to delay the proceedings and would not prejudice Defendant.  Dkt. No. 18, ¶¶ 3–5.  Plaintiff further argued that it should be permitted to exceed the page limitations provided in the Local Rules because it was required to explain its objection for each interrogatory as well as address other issues, such as requesting a protective order and attorney's fees.  *Id.* ¶¶ 6–13. In response, Defendant submitted that Plaintiff fails to adequately demonstrate that it should be allowed to exceed the page or time limits in filing its response.  Dkt. No. 19.  Defendant noted that (1) Plaintiff's only excuse for failing to timely file its response was that its counsel inadvertently overlooked a change in the Local Rules that occurred two years ago, and (2) the issues presented in Defendant's Motion to Compel were not particularly complex.  *Id.*  Although the Defendant's arguments are on point, the Court will nevertheless permit the filing of the response.  Accordingly, Plaintiff's Opposed Motion for Leave to Extend Page Limit and for Time to File Response (Dkt. No. 18) should be **GRANTED**.

With regard to the merits of Defendant's Motion to Compel, Defendant generally argues that Plaintiff is improperly withholding discovery because (1) three of the interrogatories at issue consist of standard contention interrogatories to which Plaintiff should provide responses; and (2) Plaintiff's contention that the remaining interrogatory asks for trade secrets is without merit because this Court has previously ordered trade secrets to be produced in response to interrogatory requests.

A.      **Contention Interrogatories**

**Interrogatory No. 10: State all facts and identify all documents supporting or otherwise concerning your contention that " 'ICS' is famous and distinctive."**

**Interrogatory No. 11: State all facts and identify all documents supporting or otherwise concerning your contention that Plaintiff's "client base operates nationwide, and includes several national retail and restaurant chains."**

**Interrogatory No. 12: State all facts and identify all documents supporting or otherwise concerning your contention that Plaintiff's "mark is widely recognized."**

Plaintiff objects to these interrogatories' request for a "narrative account" of the legal claims in Plaintiff's Original Petition.  Citing case law from district courts in other circuits, Plaintiff complains that requiring it to provide *all* facts and identify *all* documents would be a difficult task and could potentially expose it to objections at trial if it somehow overlooked a fact or document. Dkt. No. 17, ¶ 5.  Although Plaintiff acknowledges that contention interrogatories are generally a proper means of written discovery, Plaintiff argues that Defendant's interrogatories are not permitted under Rule 33.  Relatedly, Plaintiff further objects to Defendant's Request for Production No. 13, which asks for "all documents identified in response to any interrogatory served on Plaintiff in this action."  Plaintiff claims that such a request seeks production of "documents it relied on to support a claim, defense or contention in the litigation" and is not reasonably particular in its request.  *Id.*, ¶¶ 7–8.  On Interrogatory No. 11, Plaintiff submits that its Original Petition does not make the geographic scope of Plaintiff's use of the "ICS" mark relevant and that it is Defendant who has alleged that Plaintiff did not use the mark in interstate commerce at the time of registration with the United States Patent and Trademark Office ("USPTO").  *Id.*, ¶¶ 11–14.  Responding, Defendant contends that its Interrogatories Nos. 10–12 are standard contention interrogatories that are proper under Rule 33.  Defendant notes that district courts throughout Texas have acknowledged that

contention interrogatories are a permissible form of discovery.  Dkt. No. 13 at 3.  Defendant argues that the interrogatories each ask for information relevant to the claims in this case.

Federal Rule of Civil Procedure 33(a)(2) provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ."  While the Court agrees that Defendant's Interrogatory Nos. 10–12, taken literally, may be overly broad and burdensome, the Court rejects Plaintiff's position that it need not provide any substantive response to this set of interrogatories.[2]  As noted by Defendant, this Court has stated that

> Contention interrogatories may properly ask for the *facts that support an allegation or defense* as well as the identities of knowledgeable persons and *supporting documents* for the facts supporting an allegation or defense.  Contention interrogatories include questions asking an opposing party to state all the facts upon which it bases some specified contention and questions asking an opponent to state all the evidence on which it bases some specified contention.

*Malibu Consulting Corp. v. Funair Corp.*, No. SA–06–CA–0735, 2007 WL 3995913 at *1 n.1 (W.D. Tex. Nov. 14, 2007) (emphasis added).  Furthermore, other district courts in this circuit have previously ordered parties to provide narrative answers to interrogatory requests.  *See, e.g.*, *Steadfast Ins., Co. v. Golden Restaurants, Inc.*, No. 3–08–CV–1383, 2009 WL 1683605 at *2 (N.D. Tex. June 16, 2009) (requiring a narrative answer to be provided in response to disputed interrogatories); *Alexander v. Hartford Life and Acc. Ins. Co.*, No. 3–07–CV–1486, 2008 WL 906786 at *4 (N.D. Tex. Apr. 3, 2008) (noting that "a court has discretion to require narrative answers to contention interrogatories"); *see also In re Pabst Licensing GmbH Patent Litig.*, No. 99–MD–1298, 2001 WL

---

[2] It is clear from the parties' communication that a "*good-faith* attempt to resolve the matter by agreement" did not occur in accordance with the Local Rules.  *See* Local Rule CV-7(i) (emphasis added).  Communicating solely via letter and refusing to schedule a conference regarding discovery disputes does not constitute a "good-faith attempt" to resolve the matter.  The parties are reminded to refer to the Local Rules in the future.

797315 (E.D. La. July 12, 2001) (ordering that narrative answers be provided to interrogatories). Plaintiff has not cited to any controlling or persuasive authority from the Fifth Circuit that calls into question a court's discretion to require a party provide narrative answers to contention interrogatories.

Having said this, Interrogatory Nos. 10–12, read literally, could be viewed as burdensome. This, however, does not mean that Plaintiff should not have to provide any response at all. Thus, with respect to Interrogatory Nos. 10 and 12, Plaintiff shall "generally explain" the factual basis by identifying the principal or material facts and documents that support its assertions that the "ICS" mark is "famous and distinctive" and "widely recognized."[3]  *See Alexander*, 2008 WL 906786 at *4; Dkt. No. 1, Exhibit A [hereinafter Original Petition], ¶ 29. Such a response to Interrogatory Nos. 10 and 12 limits Plaintiff's burden to those principal or material facts and documents while providing Defendant's with the necessary information for its defense.[4] As for Interrogatory No. 11, the Court notes that its resolution of the issues related to Interrogatory No. 13 below should resolve the dispute regarding Interrogatory No. 11. Moreover, Defendant was unable to identify at the hearing precisely where in Plaintiff's pleadings it asserted that its "client base operates nationwide, and includes several national retail and restaurant chains." Accordingly, Defendant's Motion to Compel as it relates to Defendant's Interrogatory No. 11 is **DENIED**.

---

[3] Even the District of Kansas, which Plaintiff relies on heavily for its assertions regarding narrative answers to contention interrogatories, has stated that "interrogatories may ask for the principal or material facts [and supporting documents that] support a claim or defense."  *See Gov. Benefits Analysts, Inc. v. Gradient Ins. Brokerage, Inc.*, No. 10–CV–2558, 2012 WL 3238082 at *9 (D. Kan. Aug. 7, 2012).

[4] As to what constitutes a material or principal fact or document, the Court directs the parties to the definition and factors provided in the Lanham Act under 15 U.S.C. § 1125(c)(2)(A).

**B.      Trade Secrets**

Defendant's Interrogatory No. 13 requests that Plaintiff "[i]dentify all of your client's [sic] located outside of Texas, and the month and year they became a client."  Defendant asserts that this information is relevant to rebut Plaintiff's claims that it has engaged in interstate use of the "ICS" mark, the alleged fame of the mark, as well as Defendant's counterclaims seeking cancellation of the mark.  Plaintiff objects to the production of this information because it would disclose trade secrets, as the identity of Plaintiff's clients were compiled through the expenditure of significant time, effort, and money.  Alternatively, Plaintiff requests that the Court narrow the scope of Defendant's discovery requests to a limited "representative" number of clients so that its entire client list is not exposed.

Even accepting Plaintiff's argument that its client list is a trade secret, the Court disagrees with Plaintiff that the information is not discoverable.  Although Plaintiff highlights that its client list is confidential and valuable, that does not necessarily render the information undiscoverable. The Federal Rules of Civil Procedure provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is *relevant* to *any* party's claim or defense."  FED. R. CIV. P. 26(b)(1) (emphasis added).  Additionally, the information "need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*  Consequently, "courts construe Rule 26 broadly, and generally hold a request for discovery should be allowed unless it is clear that the information sought can have no possible bearing on the claim or defense of a party." *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244, 246 (W.D. Tex. 2013) (internal quotations omitted).  Furthermore, the fact that the information requested involves trade secrets does not prohibit its discovery.  With regard to trade secrets, the Advisory Committee Notes

to Rule 26 explicitly state that "courts have not given trade secrets automatic and complete immunity against disclosure, but have in each case weighed their claim to privacy against the need for disclosure."

In this case, Plaintiff has alleged trademark infringement and unfair competition claims against Defendant. *See* Original Petition. Among its affirmative defenses and counterclaims, Defendant contends that Plaintiff committed fraud in the procurement of the trademark. Dkt. No. 2. More specifically, Defendant claims that Plaintiff falsely stated in its application to the USPTO that the "ICS" trademark had been used in interstate commerce. *Id.* Based on the parties' allegations alone, it is clear that information concerning Plaintiff's clients located outside Texas are relevant to the case. Information concerning Plaintiff's clients is certainly relevant to Defendant's counterclaim that Plaintiff committed fraud upon the USPTO in stating that it had used the "ICS" mark in interstate commerce. Additionally, for Plaintiff to prevail on its trademark infringement claim, it must (1) establish ownership in a legally protectible mark, and (2) demonstrate a likelihood of confusion. *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008). Assuming Plaintiff can establish ownership in the "ICS" mark, the court must then consider a nonexhaustive list of factors to determine the likelihood of confusion, including "(1) the type of mark allegedly infringed, (2) the similarity between the two marks, (3) the similarity of the products or services, (4) *the identity of the retail outlets and purchasers*, (5) the identity of the advertising media used, (6) the defendant's intent, and (7) any evidence of actual confusion." *Id.* at 478 (emphasis added); *see also Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 310 (5th Cir. 2008). The Fifth Circuit has added an additional factor: (8) the degree of care exercised by potential purchasers. *Smack Apparel*, 550 F.3d at 478; *Paulsson Geophysical*

*Servs., Inc.*, 529 F.3d at 310.  The existence of clients outside of Texas is relevant to both Factors 4 and 8.  At the hearing, Defendant further stated that this information was particularly important because its primary customers are law firms.  *See also* Dkt. No. 24 at 4.  Defendant noted that if, for example, discovery were to reveal that Plaintiff does not service any law firms, such evidence would weigh against a likelihood of confusion.

Plaintiff responds that its client list is maintained on a password-protected software program and is only accessible by a small number of individuals.  Dkt. No. 17, ¶¶ 18–19.  Plaintiff further submits that its client list is not available as a physical list and such information is not stored in a manner which would enable outside individuals to compile a list of its clients.  *Id.* ¶ 20.  Plaintiff also stresses that its client list would be particularly valuable to Defendant, especially considering that the parties sell and market similar services.  *Id.* ¶¶ 20–24.[5]

After weighing Plaintiff's claims of privacy against the need for disclosure, the Court finds that the information requested by Defendant's Interrogatory No. 13 should be disclosed.  As previously discussed, information concerning Plaintiff's clients are relevant to the allegations made by both parties.  Any concerns Plaintiff has about the disclosure of its client list may be addressed

---

[5]  Plaintiff also attempts to distinguish *United Servs. Auto. Ass'n v. Mitek Sys., Inc.*, 289 F.R.D. 244 (W.D. Tex. 2013).  Plaintiff claims that unlike the party in *Mitek Systems*, Plaintiff did not place its trade secrets at issue here and does not claim reliance upon its interstate use of the "ICS" mark to support its trademark registration.  Dkt. No. 17, ¶ 30.  However, information concerning Plaintiff's clients is relevant to Plaintiff's own claims.  The Original Petition clearly states a claim for trademark infringement against Defendant.  As noted previously, a trademark infringement claim necessarily requires a court to consider whether there is a likelihood of confusion.  Among the factors listed by the Fifth Circuit to determine this issue are the identity of the retail outlets and purchasers and the degree of care exercised by the purchasers.  *Smack Apparel*, 550 F.3d at 478; *Paulsson Geophysical Servs., Inc.*, 529 F.3d at 310.  Thus, by alleging a trademark infringement claim, Plaintiff has placed the identities of its clients at issue because such information is relevant to determining whether a likelihood of confusion exists.

through a protective order, which the Court will enter simultaneously with this order.  The protective order permits documents to be designated as "For Counsel or Attorneys Only," which will address Plaintiff's primary objection to producing the information.    Given the clear relevance of the information sought and the existence of a protective order, the Court concludes that the need for disclosure outweighs Plaintiff's claims of privacy.  Accordingly, Defendant's Motion to Compel with regard to Interrogatory No. 13 is **GRANTED**.

## C.    Attorney's Fees

Both parties move for attorney's fees in relation to Defendant's Motion to Compel.  Rule 37(5)(C) provides that "[i]f the motion is granted in part and denied in part, the court *may . . .* , after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(5)(C) (emphasis added).  Having considered the parties' requests, the Court declines to award attorney's fees to either party.

## II.  CONCLUSION

In accordance with the foregoing discussion, Defendant Innovative Computing Systems, Inc.'s Motion to Compel (Dkt. No. 13) is **GRANTED IN PART** and **DENIED IN PART** as set forth above.  Plaintiff Innovative Communication Systems, Inc., shall produce the responsive documents and revise the pertinent discovery responses on or before July 31, 2014, or some later date mutually agreed upon by the parties.

SIGNED this 16th day of July, 2014.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE