IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| INNOVATIVE COMMUNICATION SYSTEMS, INC. | § § § | |
| V. | § § | A-13-CV-1044-LY |
| INNOVATIVE COMPUTING SYSTEMS, INC. | § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are: Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 35);  and Defendant's Motion for Summary Judgment (Dkt. No. 48), along with the associated responses, and replies.[1]  The District Court referred the above-motions to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I.  GENERAL BACKGROUND**

Plaintiff Innovative Communications Systems sues Defendant Innovative Computing Systems for trademark infringement, as well unfair competition under Texas law, for Innovative Computing Systems' use of the acronym "ICS."  Plaintiff has been using the acronym "ICS" in its business since at least that late 1980's, though Plaintiff has only held a trademark registration for the

---

[1] Defendant also filed a Rule 56(d) Motion to Deny Plaintiff's Motion for Summary Judgment (Dkt. No. 36), in which it requests that the Court deny Plaintiff's motion because it was filed six days prior to the close of discovery.  As discovery has long since closed, that motion  is MOOT, and is therefore DENIED.

acronym "ICS" since June 2011.  Dkt. No. 1-1 at 21, 19.  Plaintiff also holds a registered trademark in a graphic mark that the Court will refer to as the "ICS and Swoosh" logo.  Dkt. No. 35-2 at 2.  The logo was registered in 2003 and the US Patent and Trademark Office acknowledged its "incontestability" in 2010.  Dkt. No. 35-2 at 3.

Plaintiff contends that it became aware of Defendant's use of "ICS" in June 2013, when Defendant, a California company, announced its plans to expand into the Austin market.  On June 17, 2013, Plaintiff sent a cease and desist letter to Defendant regarding its use of the "ICS" name.  Dkt. No. 35-11.  Defendant refused to cease using the "ICS" acronym, and on November 8, 2013, Plaintiff filed suit against Defendant in state court.  Defendant removed the case to this Court on December 9, 2013, based on diversity of citizenship and federal question jurisdiction.

In response to Plaintiff's allegations, Defendant argues that "ICS" is a generic term that cannot be registered as a trademark.  As a result, it argues, Plaintiff has no rights to "ICS."  In particular, it argues that "ICS" is an abbreviation for Plaintiff's full name, Innovative Communication Systems, which Defendant contends is itself a generic term.  Even if the terms are not generic, and are thus protectable under trademark law, Defendant argues that Plaintiff's registration of the marks was achieved via fraud on the PTO, specifically the allegedly false representation in that it had used "ICS" in interstate commerce since 1984, when in fact it had not.  Finally, Defendant asserts that Plaintiff is estopped from claiming infringement under the doctrine of laches, because it failed to police others' use of "ICS" for many years prior to bringing this suit.

The parties have filed cross motions for summary judgment.  Plaintiff's motion seeks judgment in its favor (1) on its request for a declaration regarding the validity of both of its marks, (2) that Defendant's use is likely to create consumer confusion; and (3) that Plaintiff has the

exclusive right to use "ICS" vis-a-vis Defendant. Defendant's motion requests judgment on all of Plaintiff's claims, contending that it has demonstrated that (1) Plaintiff does not have a legally protectable mark; (2) there is no likelihood of confusion caused by its use of "ICS;" (3) Plaintiff's mark is not "famous;" and (4) laches bars Plaintiff's claims. Between them, the parties have attached to their motions and responses 876 pages of documents, and, somewhat ironically, each contend that notwithstanding the volume of material submitted, there are no genuine issues of fact in dispute on any question material to the Court's decision, and each of them is entitled to judgment as a matter of law. As will be seen, the parties' evidence proves the opposite: fact issues abound in this litigation, and summary judgment is not warranted for either party at this time.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson,* 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III.  ANALYSIS

For a plaintiff to prevail on a trademark infringement claim it must first "establish ownership in a legally protectable mark, and second . . . show infringement by demonstrating a likelihood of confusion." *Amazing Spaces, Inc. v. Metro Mini Storage*, 608 F.3d 225, 235-36 (5th Cir. 2010) (internal citations omitted). It is a defense to an infringement claim if registration of the mark was

obtained through fraud on the Patent and Trademark Office, or if the mark is or has become generic. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194-95 (1985). It is also a defense to a trademark infringement claim to assert that the owner has either acquiesced in its use, or has delayed unduly in asserting its rights. *Elvis Presley Enterprises, Inc. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998). Each of these issues is raised by the parties' cross motions, and each is discussed in turn below.

A. **Validity of "ICS" mark**

  Both parties seek judgment on this issue, Plaintiff asking that "ICS" be declared a valid mark owned by it, and Defendant requesting judgment that "ICS" is unregistrable because it is generic. Registration by the USPTO provides "prima facie evidence of the validity of [a] registered mark." 15 U.S.C. § 1115(a). Marks are classified into categories of increasing distinctiveness: (1) generic; (2) descriptive; (3) suggestive; (4) arbitrary; or (5) fanciful. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768 (1992). "The latter three categories of marks, because their intrinsic nature serves to identify a particular source of a product, are deemed inherently distinctive and are entitled to protection." *Id.* At the other end of the spectrum, generic marks are not registrable as trademarks. *Id.* Descriptive marks are not "inherently distinctive" but may be registered if they have "become distinctive of the applicant's goods in commerce." *Id.* Notably, a court may cancel a registered mark if it is found to be either generic, or descriptive and lacking secondary meaning. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 232 (5th Cir. 2009) (citations omitted). Importantly for these purposes, whether a mark is generic, and whether a mark has gained secondary meaning are both questions of fact. *Id.* at 227; *Bd. of Supvsrs. for LSU v. Smack Apparel Co.*, 550 F.3d 465, 474 (5th Cir. 2008).

Plaintiff is the owner of two registrations relating to "ICS"—one is a logo with the letters "ICS" and a "Swoosh:" , and the other is just the letters "ICS" alone. Plaintiff registered its "ICS and Swoosh" logo in 2003, and in 2010 it filed an affidavit with the PTO attesting that it had been using the logo continuously. In August 2010, the PTO acknowledged that the filing met the requirements of the Trademark Act for incontestability. Dkt. No. 35-2. Under the Act, incontestable status is "conclusive evidence of the validity of the registered mark;" "such marks are conclusively presumed to be nondescriptive or to have acquired secondary meaning." 15 U.S.C.A. § 1115; *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1185 (5th Cir. 1980). Plaintiff is not claiming that Defendant has infringed on the logo as a whole, however. Instead, Plaintiff argues that the logo's presumption of validity extends to the letters "ICS" by themselves, and bases its infringement claim on the 2003 registration as well as the 2010 registration of the letters by themselves. In support of their claim that the 2003 registration extends to "ICS" alone, Plaintiff points to a Ninth Circuit opinion holding that when text included in a registered logo is the "salient feature" of that logo, the presumption of validity provided to the overall mark extends to the text when presented on its own. *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc*. 408 F.3d 596, 604 (9th Cir. 2005).

The Ninth Circuit is an outlier in this regard. The more common view is that "the presumption of validity is limited to the exact format of the mark as registered." *See, e.g.*, 6 MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION § 32:152 (4th ed.) (citations omitted). "A registered mark is incontestable only in the form registered and for the goods or services claimed." *Id.* More to the point, the Fifth Circuit has been particularly clear on this issue, holding that the presumption of validity "pertains to the whole mark … rather than to any individual portion of the

6

mark." *Igloo Products Corp. v. Brantex, Inc.*, 202 F.3d 814, 817 (5th Cir. 2000). As this Court is bound to follow Fifth Circuit precedent, Plaintiff's reliance on the 2003 trademark for its infringement claim is misplaced. Only the "ICS and Swoosh" logo as a whole, and not the letters "ICS" standing alone, is presumptively valid. Plaintiff is therefore not entitled to summary judgment based on the 2003 registration.

Defendant too seeks summary judgment on validity of the Plaintiff's trademark of the letters "ICS," contending the 2010 registration of just the letters "ICS" should be cancelled because the letters are generic. It argues that "ICS" is merely an abbreviation for Innovative Communications Systems, which it contends is a generic term. Plaintiffs urge the Court to hold otherwise. There is a great deal of variation between and amongst the Court of Customs and Patent Appeals, the PTO, and the various federal Circuits on this issue. *See*, Mary LaFrance, *Initial Impressions: Trademark Protection for Abbreviations of Generic or Descriptive Terms*, 45 AKRON L. REV. 201, 203 (2012). The Fifth Circuit has "little jurisprudence on the trademark analysis of abbreviations." *Id.* at 234. Indeed, its clearest pronouncement comes in a curt footnote holding only that it "need not deal separately with the question whether the initials are generic; if the full name is generic, an abbreviation is treated similarly." *Soc'y of Fin. Examiners v. Nat'l Ass'n of Certified Fraud Examiners Inc.*, 41 F.3d 223, 227 (5th Cir. 1995) (citation and parenthetical omitted).

Even if this brief mention of the issue in a footnote is taken as the Circuit's "law" on this point, it is not conclusive here, as there has not been a showing by Defendant that Plaintiff's company name —"Innovative Communication Systems"—is generic. Indeed, whether a mark is generic, or merely descriptive, is generally a question of fact for a jury. *Great Am. Rest. Co. v. Domino's Pizza, LLC*, 348 Fed. Appx 907, 909 (5th Cir. 2009) (unpublished). Defendant has failed

to demonstrate that the phrase "innovative communication systems" has a generic meaning, as opposed to being merely descriptive, or perhaps suggestive, of certain communication systems. Instead, Defendant merely pronounces that the phrase is generic, without offering any proof. As the party with the burden of proof on this point, Defendant must offer some evidence to obtain summary judgment. It has failed to do so, and as such, summary judgment is inappropriate.

**B.	Likelihood of confusion**

Both parties spend a great deal of time on the issue of likelihood of confusion, Plaintiff contending there is an undisputed likelihood of confusion between the two companies, and Defendant arguing that the exact opposite is demonstrated by the undisputed facts. In determining whether a party has infringed a trademark "the paramount question" is whether it is probable that one mark will cause confusion with another. *Xtreme Lashes*, *supra.*, at 226. Courts consider several factors in evaluating the likelihood of confusion between two marks: "(1) the type of trademark; (2) mark similarity; (3) product similarity; (4) outlet and purchaser identity; (5) advertising media identity; (6) defendant's intent; (7) actual confusion; and (8) care exercised by potential purchasers." *Id.* at 227. No one factor is dispositive, and the weight given to each varies from case to case. *Id.*

While the Court could spend pages discussing the law related to this issue, that is unwarranted here. As with the existence of secondary meaning, and whether a mark is generic, determining if there is a likelihood of confusion between two marks is generally a question of fact. *Elvis Presley Enterprises*, 141 F.3d at 196. Neither party has proven the absence of a fact dispute about consumer confusion. Rather, their briefs overflow with disputes about the evidence. In particular there are fact issues concerning whether the parties' products and services are similar, whether the parties serve the same markets, and whether there has been any actual confusion. The

evidence demonstrates the existence of numerous fact issues regarding the likelihood of confusion, precluding summary judgment for either party on this issue.

**C.     Fraud on PTO**

In arguing for summary judgment as to the validity of its ICS mark, Plaintiff also asks that the Court grant summary judgment dismissing the defense that Plaintiff's marks are invalid because Plaintiff committed fraud on the Patent and Trademark Office when it registered its mark. This affirmative defense is focused on statements made under oath by Plaintiff when it registered its marks, that it had used the mark "ICS" in interstate commerce. Defendant claims those statements were false because the only evidence of Plaintiff serving companies outside of Texas relates to 2006 or later, and the statements to the PTO claim use of the mark back to July 2, 1984. Relying on testimony of its principal, Plaintiff contends that there is evidence that it had used the "ICS" mark as early as the "late 1980s" and further that Defendant lacks evidence of an intent to defraud the PTO even if any of the statements were false, and thus summary judgment is appropriate.

Defendant's response points out the many facts that are in dispute on this point, all of which are questions that a jury must answer. Dkt. No. 47 at 14-15. Plaintiff is not entitled to summary judgment dismissing this defense.

**D.     Laches**

Both parties request summary judgment in their favor on the issue of laches. Defendant claims that Plaintiff should be estopped from asserting rights to the marks due to laches.[2] Plaintiff's

---

[2]As Plaintiff points out, Dkt. No. 35 at 34, it is not entirely clear whether Defendant is making an argument based on estoppel by laches, and also one based on acquiescence. As I discussed at some length in a prior opinion, the two are not identical. *Univ. of Texas v. KST Electric, Ltd.*, 550 F.Supp.2d 657, 664-665 (W.D. Tex. 2008). Given the existence of fact questions precluding summary judgment, however, it is not important to this Report and Recommendation to

motion asks that the defense be dismissed at this time because the facts demonstrate that Defendant cannot prove the elements of the defense.

Beginning with the Defendant's arguments, summary judgment is not warranted because the Defendant has not produced sufficient evidence to support this defense. Other than claiming that it has used the mark "ICS" since 1991, Defendant's motion does not contain a single citation to the record of where there is evidence supporting its claim that Plaintiff sat on its rights too long. As noted in the section setting forth the standard for obtaining a summary judgment, parties are under a duty to identify the evidence that supports their contentions. Defendant has not done so here, and is not entitled to summary judgment on its affirmative defense of laches.

While Plaintiff has actually cited to evidence in the summary judgment record in its motion seeking to dismiss the laches defense, it ultimately fails to demonstrate that the facts on the issue are undisputed. For example, it asserts that it did not become aware of Defendant's use of "ICS" until 2013, when it saw a press release announcing Defendant's move into the Austin market. But this argument focuses on what Plaintiff actually knew, and fails to discuss what it "should have known," which is part of the relevant test. *Armco, Inc. v. Armco Burglar Alarm Co., Inc.*, 693 F.2d 1155, 1161 (5th Cir. 1982); *Elvis Presley Enterprises*, 141 F.3d at 205. The record shows that Defendant has used "ICS" on its publicly-available website since 1997, yet never had an objection to its use from Plaintiff until 2013. Defendant also faults Plaintiff's overall policing of the "ICS" mark, and has produced some evidence on this point, though much of what it has provided the Court is inadmissible hearsay. Regardless, as is plain from this brief discussion, neither party has shown the

---

clarify the precise defense(s) Defendant is raising.

absence of fact issues on the laches or acquiescence defense, and neither is entitled to summary judgment on the defense.

**E.     Dilution Claim**

Finally, Defendant sought summary judgment in its motion on Plaintiff's federal dilution claim, contending that Plaintiff had no evidence that its mark was "famous."  In response, Plaintiff has abandoned that claim.  Dkt. No. 50 at 24-25.  It retained, however, its dilution claim under Texas law, contending that it need only demonstrate regional "distinctiveness" to prevail on that claim.  *Id.*  Defendant's only response to this is to assert that Plaintiff cannot prevail on a state law dilution claim because its mark is generic and not distinctive.  As already discussed above, Defendant has failed to demonstrate the absence of fact disputes regarding whether the mark is generic, and that is a fact question, not a legal question.  Summary judgment on the Texas dilution claim is therefore not warranted.

### III.  RECOMMENDATION

For the reasons set forth above, the undersigned RECOMMENDS that the Court DENY Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 35) in its entirety, and FURTHER RECOMMENDS that the Court DENY Defendant's Motion for Summary Judgment (Dkt. No. 48), except as to Plaintiff's federal dilution claim, which Plaintiff has abandoned.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 30th day of January, 2015.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE